**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| GABRIEL G. ATAMIAN, MD, MSEE, ) | Case No. 00-05-20040 (MFW) |
| JD, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| GABRIEL G. ATAMIAN, MD, MSEE, ) | |
| JD, ) | |
| ) | |
| Plaintiff, ) | Adversary No. A-06-50435 |
| ) | (MFW) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF EDUCATION, ) | |
| SECRETARY OF U.S. DEPARTMENT ) | |
| OF EDUCATION, and SIGNET ) | |
| BANK, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of the United States Department of Education (the "DOE") seeking summary judgment in its favor on the Complaint filed against it by Gabriel G. Atamian, MD, MSEE, JD (the "Debtor"). For the reasons discussed below, the Court will grant the Motion.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.   BACKGROUND

In 1986, 1988, and 1989, the Debtor executed promissory notes to secure education loans (collectively, the "USA Loans") totaling $22,500.  The USA Loans were guaranteed by USA FUNDS and reinsured by the DOE under a statutorily authorized guaranty program.  On October 14, 2004, the USA Loans were assigned to the DOE.

On February 7, 1990, the Debtor executed another promissory note to secure a $3,000 loan ("Perkins Loan") from Johns Hopkins University.  On August 25, 1995, the Perkins Loan was assigned to the DOE.  (The Perkins Loan and the USA Loans are collectively referred to as the "Education Loans.")

On November 15, 2005, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  On January 20, 2006, the Debtor filed a complaint (the "Complaint") against National Payment Center, Johns Hopkins University, and Signet Bank.  The Complaint was later amended to add the DOE as a party. The Complaint seeks (1) a determination that the Education Loans are dischargeable (the "dischargeability claim") and (2) an investigation into an alleged conspiracy by the Jewish community (a) to prevent the Debtor from earning an income since 1982, (b) to cover up the alleged murder of the Debtor's mother, and (c) to mistreat the Debtor's dental conditions since 1979 (collectively, the "Residual Claims").

On December 29, 2006, the DOE determined that the Education Loans were dischargeable pursuant to section 523(a)(8) of the Bankruptcy Code and effected an administrative discharge of the Education Loans. On February 9, 2007, the DOE filed a Motion for summary judgment on the Complaint against it. The Debtor opposes the Motion. All briefing on the Motion is complete. The matter is now ripe for decision.

## II. JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334(b) & 157(b)(1). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (I).

## III. DISCUSSION

### A. Standard of Review

Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing no genuine issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585 n.10 (1986). Facts that may alter a suit's outcome are "material." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d. 300, 302 n.1 (3d Cir. 1995). The Court views all facts and draws all reasonable inferences "in the light most favorable" to the non-moving party. Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). "[T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial'." Matsushita, 475 U.S. at 587 (emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." Id.

    B.    DOE's Motion for Summary Judgment

The DOE moves for summary judgment because there is no genuine issue of material fact: the DOE agreed to the Debtor's requested discharge of debt, and the Court does not have jurisdiction over the Residual Claims.

The Debtor argues initially that the Motion is procedurally deficient because the DOE failed to set a hearing on the summary judgment Motion. The Debtor also asserts that the Court does have subject matter jurisdiction over the Residual Claims because the alleged conspiracy caused the Debtor to be unable to repay the Education Loans. Lastly, the Debtor requests that the Court refer the case to the United States Department of Justice for investigation of the Residual Claims.

1.  <u>Requirement of a Hearing on the Motion</u>

The Debtor argues that he has a right to a hearing on the Motion pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.  Fed. R. Bankr. P. 9014 (a),(c).

The Court does not agree.  Rule 9014 does not require a hearing, only an opportunity for a hearing.  <u>See, e.g.</u>, <u>First Republicbank Dallas v. Gargyle Corp.</u>, 91 B.R. 398, 401 (N.D. Tex. 1988) ("Rule 9014 . . . provides that 'reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought' [and] 'after notice and a hearing' does not require a hearing in the absence of a request therefor . . . ."); 11 U.S.C. § 102 (1) (defining the meaning of the phrase "after notice and a hearing, or a similar phrase" and providing that the Code authorizes an act absent a hearing if a hearing is not timely requested by a party in interest).  Further, Rule 9014 does not apply to adversary proceedings, and none of the adversary rules (Rule 7001 et seq.) of the Federal Rules of Bankruptcy Procedure requires a hearing on a Motion.

The Local Rules for this District expressly provide that a hearing on a motion such as this one does not require a hearing. The Local Rules provide in this regard:

> <u>No hearing will be scheduled on motions filed in adversary proceedings, unless the Court orders otherwise</u>, except for discovery-related motions which shall be governed by Local Rule 9006-1(b). An application to the Court for oral argument on a motion shall be in writing and shall be filed with the Court

and served on counsel for all parties in the proceeding no later than three (3) days after service of the reply brief.[2] <u>An application for oral argument may be granted or denied at the discretion of the Court</u>.

Local Rule of Bankruptcy Procedure 7007-3 (emphasis added).

The Court has not ordered a hearing on this Motion. Accordingly, the Court concludes that there was no procedural error on the part of the DOE and no hearing was required.

    2. <u>Jurisdiction over Residual Claims</u>

The Court has jurisdiction over all cases arising under title 11 of the United States Code (the "Bankruptcy Code"). 28 U.S.C. § 157. A bankruptcy court can generally hear and determine matters "under," "arising under," "arising in," or "related to" a case under the Bankruptcy Code. <u>Id.</u> <u>See also</u> <u>Stoe v. Flaherty</u>, 436 F.3d 209, 216 (3d Cir. 2006).

    a. <u>"Under" Jurisdiction</u>

"Under" jurisdiction refers to the bankruptcy petition itself. <u>Stoe</u>, 436 F.3d at 216. The Residual Claims are not part of the Debtor's bankruptcy petition. Thus, they are not claims which fall "under" the Bankruptcy Code. Accordingly, the Court concludes that it has no "under" subject matter jurisdiction over the Residual Claims.

    b. <u>"Arising Under" Jurisdiction</u>

A case "arising under" the Bankruptcy Code is one that

---

[2] The Debtor did not request oral argument within the time provided by the Local Rules.

"invokes a substantive right" created by the Bankruptcy Code. <u>Stoe</u>, 436 F.3d at 216.  The Bankruptcy Code does not provide the Debtor with the right to seek an investigation by the Court or the Department of Justice into the death of the Debtor's mother or an alleged conspiracy to prevent the Debtor's employment or to mistreat the Debtor's dental conditions.  Accordingly, the Court concludes that the Debtor's requested relief does not fall under the category of "arising under" jurisdiction.

        c.    <u>"Arising in" Jurisdiction</u>

Cases "arising in" a bankruptcy case "include . . . such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens."  <u>Stoe</u>, 436 F.3d at 216 (internal quotations and citation omitted).  Generally, a proceeding will "arise in" a bankruptcy case if it has no existence outside the bankruptcy case.  <u>Id.</u>  Moreover, proceedings that arise in a bankruptcy case are core matters.  28 U.S.C. § 157(b)(2).

The alleged murder of one's mother and a conspiracy to prevent employment or treatment of dental problems are matters that exist and are usually resolved in the absence of a bankruptcy case.  Accordingly, the Court concludes that the Residual Claims do not "arise in" the Debtor's bankruptcy case.

        d.    <u>"Related to" Jurisdiction</u>

The Court only has "related to" jurisdiction over an issue

that may affect the administration of the Debtor's bankruptcy estate.  Stoe, 436 F.3d at 216.  See, e.g., In re Federal-Mogul Global, Inc., 300 F.3d 368, 382 (3d Cir. 2002) (explaining that "whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet another lawsuit."); Pacor Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by, Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").

The Residual Claims seeking an investigation into the death of the Debtor's mother and the Debtor's employment and dental treatment are not related to the Debtor's bankruptcy case because they do not affect the outcome of the Debtor's discharge or administration of the bankruptcy estate.  See, e.g., Stoe, 436 F.3d at 216; Federal-Mogul Global, 300 F.3d at 382; Pacor, 743 F.2d at 994.  Accordingly, the Court concludes that it does not have "related to" subject matter jurisdiction over the Residual Claims.

The discharge of the Debtor's Educational Loans eliminated the only claim against the DOE over which the Court had

jurisdiction.  The Residual Claims do not involve the DOE or the bankruptcy estate.  Further, the DOE has agreed with the Debtor that he is entitled to a discharge based on a finding of undue hardship.  Therefore, it is not necessary that the Court determine the causes of the Debtor's undue hardship (i.e., the alleged conspiracy).  See, e.g., DeFunis v. Odegaard, 416 U.S. 312, 315-20 (1974) (dismissing as moot a suit brought by plaintiff against law school for unconstitutional failure to admit him because the state court granted his requested relief and he was admitted and attending the school).  Accordingly, because the Educational Loans were discharged by the DOE (as requested by the Debtor), the Debtor no longer has any claim against the DOE in this adversary proceeding.

    3.   Referral of Residual Claims

The Debtor asks the Court to refer the Residual Claims to the Department of Justice for investigation.  The Court cannot grant the Debtor's requested relief.  The Debtor has cited no authority and the Court cannot find any such authority that gives the United States Department of Justice the power to investigate such allegations of conspiracy.  See generally, Act of June 22, 1870, ch. 150, 16 Stat. 162 (1870) (establishing the Department of Justice).  Moreover, the Complaint against the DOE is not the proper tool for bringing a complaint against the Jewish community at-large.  The Jewish community at-large is not a party to this

bankruptcy case or adversary proceeding.  Consequently, the Court concludes that a referral to the Department of Justice is not an appropriate exercise of the Court's powers under the Bankruptcy Code and other applicable federal law.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that there is no genuine issue as to any material fact that it has no subject matter jurisdiction over the Residual Claims.  Consequently, the Court will grant summary judgment in favor of the DOE.

An appropriate Order is attached.

Dated: May 10, 2007                    BY THE COURT:

*Mary F. Walrath* (signature)
Mary F. Walrath
United States Bankruptcy Judge